UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER ALCOCK,<br><br>      Plaintiff,<br><br>      v.<br><br>JOHN DOE 1 and JOHN DOE 2, in<br>their official capacities,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)   C.A. No. 25-11589-WGY<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

June 5, 2025

YOUNG, D.J.

     Plaintiff Peter Alcock, who is proceeding pro se, initiated this action on May 30, 2025, by filing a Complaint, an Application to Proceed in District Court without Prepaying Fees or Costs, and an Emergency Motion for Temporary Restraining Order. For the reasons set forth below, the Court ALLOWS the Application to Proceed in District Court without Prepaying Fees or Costs, DENIES the Emergency Motion for Temporary Restraining Order and DISMISSES this action.

### I.   Application to Proceed without Prepaying Fees or Costs

     Alcock submitted an Application to Proceed in District Court without Prepaying Fees or Costs (Long Form), to which the Court refers as a motion for leave to proceed in forma pauperis.

Based upon the financial disclosures, the Court ALLOWS the Application.

## II. Preliminary Review

### A. Legal Standards

When a plaintiff is allowed to proceed in forma pauperis, the Court conducts an initial review of the complaint and may dismiss any claim that is malicious or frivolous, fails to state a claim upon which relief can granted, or seeks monetary damages from a party who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

To obtain a preliminary injunction or a temporary restraining order, the movant "must make a clear showing that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Starbucks Corp. v. McKinney, 602 U.S. 339, 346 (2024) (internal quotation marks omitted). "A preliminary injunction is an 'extraordinary' equitable remedy that is 'never awarded as of right.' " Id. at 345-46 (quoting Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008)).

In conducting this review, the Court construes Alcock's pleadings liberally because he is representing himself. See Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

### B. Alcock's Allegations

The civil rights complaint is brought pursuant to 42 U.S.C. § 1983 seeking multiple forms of declaratory and injunctive relief against two Massachusetts state court judges identified as John Doe 1 and John Doe 2.[1] The claims stem from what Alcock alleges were unconstitutional actions taken in a lawsuit that he had filed against his parents and others seeking to recover financial losses due, in part, to unauthorized financial transactions. (Doc. No. 1, passim).

As to John Doe 1, Alcock states that he issued an order on December 19, 2024 that "selectively presented evidence to Plaintiff's prejudice" and on May 8, 2025 issued an order that imposed "monetary sanctions on Plaintiff primarily due to alleged AI-generated citation errors, and who subsequently issued the final Order dismissing the MA State Court Action on May 15, 2025." Id. at 7. As to John Doe 2, Alcock alleges, among other things, that the defendant judge "failed to adjudicate Plaintiff's Emergency Discovery Moton and other pending motions prior to dismissal of the action, including Plaintiff's Motion for Rule 11 Sanctions and motion for leave to amend his complaint based on newly discovered evidence. Id. at 7.

---

[1] Alcock seeks leave to amend to substitute the true names of the Doe defendants once he discovers their true identities. Doc. No. 1 at 34.

For relief, Alcock seeks a declaratory judgment that the defendants violated Plaintiff's constitutional rights, particularly in relation to the failure to correct the basis for dismissing a bank defendant from the action and the entry of the May 15, 2025 final dismissal order. Id. at 31-32. Alcock seeks to have this Court prohibit enforcement of the monetary sanctions order, enjoin the Suffolk County Superior Court and its judicial officers from imposing further sanctions or penalties and directing the Suffolk County Superior Court to adjudicate on the merits several motions. Id. at 33-34.

In his emergency motion for temporary restraining order, Alcock seeks to have this court "stay enforcement of the May 8, 2025 Order issued in the Massachusetts Suffolk Superior Court (Docket No. 228), which imposes $2,340 in monetary sanctions against Plaintiff, due June 9, 2025." Doc. No. 3 at 1.

B. Discussion

Despite the characterization of this action as one to vindicate Plaintiff's constitutional rights, it is apparent that the case concerns injuries caused by rulings and orders entered by the defendant judges in his state court action.

To the extent Alcock challenges various state court proceedings, the Rooker-Feldman doctrine and Younger abstention doctrine bar such claims. Under the Rooker-Feldman doctrine, a federal district court lacks jurisdiction over a final judgment

4

of a state court.  See Geiger v. Foley Hoag LLP Retirement Plan, 521 F.3d 60, 65 (1st Cir. 2008).  The Younger abstention doctrine arises from Younger v. Harris, 401 U.S. 37 (1971) and bars the exercise of federal jurisdiction if it "would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge." Rossi v. Gemma, 489 F.3d 26, 34-35 (1st Cir. 2007).  The matters alleged in the complaint would be precluded under one or both of these doctrines.

To the extent Alcock seeks to have this Court enjoin the state court order imposing upon Alcock a June 9, 2025 deadline for payment of monetary sanctions, even if within the power of a federal court to grant - which appears unlikely - would interfere directly or indirectly with ongoing state proceedings.

To the extent state court proceedings are ongoing, this Court lacks subject matter jurisdiction under the Younger abstention doctrine. If a final order has been entered in a state court proceeding, this federal court lacks subject matter jurisdiction over such claims under the Rooker-Feldman doctrine.

If the plaintiff remains disappointed with the conduct and outcomes of the state proceedings, he may raise any distinctly federal claims he has preserved for consideration by the Supreme Court of the United States.  "[T]he proper forum for challenging

5

an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment." Davison v. Gov't of Puerto Rico-Puerto Rico Firefighters Corps, 471 F.3d 220, 223 (1st Cir. 2006). Lower federal courts are obligated to abstain from the exercise of jurisdiction over equitable claims like those asserted here that may directly or indirectly interfere with the ongoing state proceedings.

Even with a generous reading of the complaint, in light of the nature of the claims asserted, the Court finds that amendment would be futile. Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 23 (1st Cir. 2014) (explaining that sua sponte dismissal is appropriate only when it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile).

### III. Conclusion

In accordance with the foregoing, the Court hereby orders:

1. The Application to Proceed in District Court without Prepaying Fees or Costs is ALLOWED.

2. The Emergency Motion for Temporary Restraining Order is DENIED.

3. This action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

4. The Clerk shall enter a final order of dismissal.

SO ORDERED.

_William G. Young_
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE